UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE,
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No: 2:06-cr-59 |
| ) | Judges Inman / Greer |
| CRAIG L. FREEMAN, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR HEARING TO DETERMINE
EXISTENCE OF CONSPIRACY

The Defendant, Craig L. Freeman, by and through undersigned counsel, pursuant to the Fifth and Sixth Amendments to the federal constitution, Bourjaily v. United States, 483 U.S. 171, 180 (1987); United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979), and United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979), has respectfully moved this Honorable Court for an Order granting a pre-trial hearing to determine whether the government may satisfy its burden of proof as to the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial. In support thereof, the Defendant offers the following Memorandum of Law in Support of Motion for Hearing to Determine Existence of Conspiracy.

**FACTS**:

On or about July 10, 2006, the government filed a superseding Indictment containing 8 counts, including Count I: conspiracy to distribute five grams or more of a mixture of or substance containing cocaine base. The Indictment claims Ms. Katrina Mickens was Mr.

1

Freeman's conspirator. However, the Indictment fails to allege any covert acts in support of the allegation. In fact, the government's discovery fails to establish the existence of a conspiracy, even when viewing the discovery in a light most favorable to the government. Simply put, the government has facially failed to meet its burden. Furthermore, the defendant has been unable to locate Ms. Mickens, and believes she may have passed several months ago.

The discovery, as presented by the government, establishes that on May 3, 2006, police officers conducted a traffic stop on a car driven by Mr. Freeman. Ms. Mickens was a passenger at the time of the stop. During the traffic stop, both Mr. Freeman and Ms. Mickens were asked to exit the vehicle and sit on the hood of the car. Both defendants were patted down and the officers did not find any drugs at that time. However, another officer arrived on the scene and conducted a second pat down on the defendants. During this pat down, the officer unzipped a pocket on the jacket sleeve being worn by Ms. Mickens. When the pocket was unzipped, the officer discovered what was believed to be cocaine base. No drugs were found on Mr. Freeman.

**ARGUMENT**:

**I.** **THIS COURT SHOULD ENSURE MR. FREEMAN'S CONSTITUTIONAL RIGHTS ARE PROTECTED BY MAKING THE GOVERNMENT ESTABLISH THE EXISTENCE OF A CONSPIRACY PRIOR TO ALLOWING THE JURY TO HEAR QUESTIONABLE 'CO-CONSPIRATOR' STATEMENTS OR THE INTRODUCTION OF THE SEIZED NARCOTICS.**

The government cannot establish the existence of a conspiracy; therefore, alleged co-conspirator statements are not admissible against this defendant. Further, the Government should not be allowed to introduce the seizure of the drugs as attributable against Mr. Freeman. Co-conspirator statements are only admissible under Fed. R. Evid. 801(d)(2)(E) if the trial court determines that the government has shown by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the defendant against whom the hearsay is offered was a member of

that conspiracy; and (3) that the hearsay statement was made in the course of and in furtherance of the conspiracy. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979) (approving decision in United States v. James, 590 F.2d 575, 583-83 (5th Cir. 1979), and citing United States V. Enright, 579 F.2d 980 (6th Cir.1978)). The party seeking to introduce hearsay testimony under Rule 801(d)(2)(E) bears the burden of proving the relevant facts by a preponderance of the evidence. Bourjaily, 483 U.S. at 176. "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls with the definition of the Rule." Id. at 171.

> **A.  A Pretrial Hearing Is An Acceptable Method Of This Court Making A Determination As To The Existence Of An Alleged Conspiracy And The Admissibility Of Any 'Hearsay' Statements.**

By holding a pretrial hearing, this Court can better protect the defendant's constitutional rights by determining the validity of the government's claim of a conspiracy. "One acceptable method [of the court's making a determination of the existence of the conspiracy and the admissibility of the hearsay statement] is the so-called 'mini-hearing' in which the court, without a jury, hears the government's proof of conspiracy and makes the preliminary Enright finding." Vinson, 606 F.2d at 152. This is commonly referred to a James hearing or an Enright hearing in this circuit. Id. at 152 n. 3.

Making the proper pre-trial determination avoids the severe risk and danger of injecting statements, later determined to be inadmissible, into the record. The court must determine as a factual matter, on the appropriate motion at the conclusion of all evidence, whether the prosecution has shown by a preponderance of evidence, independent of the challenged statements, that a conspiracy existed. Further, the government bears the burden to show the alleged co-conspirator and the defendant, against whom the co-conspirator's statement is offered,

were members of a conspiracy and that the statement was made during the course of and in furtherance of the conspiracy.

If the court concludes that the prosecution has not borne its burden of proof on such issues, the statement cannot remain in evidence, and, in that case, the judge must decide whether the prejudice arising from the erroneous admission of statements can be cured by a cautionary instruction or whether a mistrial is required. James, 590 F.2d at 582-83. As this Court is keenly aware, the preferable method, which removes the taint of constitutional prejudice, is to have the government's independent proof of the conspiracy introduced pre-trial. Without a pre-trial determination, the entire proceeding is cloaked with the specter of a mistrial and the likelihood of reversal on appeal. Id.

The likelihood for a mistrial is greater should a James/Enright pre-trial hearing not be held and the government fails to establish the requirements of Fed. R. Evid. 801(d)(2)(E) during its case-in-chief. In fact, this Court may have no other alternative in Mr. Freeman's case but to order a mistrial should alleged co-conspirator statements or the seized drugs be introduced against this defendant. In this situation, if "the court finds that the government has failed to carry its burden, it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." Vinson, 606 F.2d at 153; James, 590 F.2d at 581-83; United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978); United States v. Geaney, 417 F.2d 1116, 1120 (2nd Cir. 1969), cert. denied 397 U.S. 1028 (1970)).

**B.      The Right To Confrontation Emphasizes The Necessity For A Pretrial Hearing To Determine The Admissibility Of Any Co-conspirator Statements.**

A pre-trial hearing to determine the admissibility of alleged co-conspirators' statements can only aid in ensuring Mr. Freeman's constitutional rights are safeguarded. The Confrontation Clause provides that, "[i]n all criminal prosecutions the accused shall enjoy the right . . . to be

confronted with the witnesses against him." The "principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused. . . . The Sixth Amendment must be interpreted with this focus in mind." Crawford v. Washington, 541 U.S. 36, 50 (2004); United States v. Arnold, 410 F.3d 895, 903 (6th Cir. 2005); United States v. Pugh, 405 F.3d 390 (6th Cir. 2005); United States v. Gibson, 409 F.3d 325, 338 (6th Cir. 2005); United States v. Cromer, 389 F.3d 662 (6th Cir. 2004). "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Crawford 541 U.S. at 68-69.

Crawford only exempts non-testimonial hearsay from the rule, and lists business records and statements in furtherance of a conspiracy as non-testimonial hearsay. Crawford, 541 U.S. at 56. As such, if the prosecution is unable to tie such statements back to a proven conspiracy, then not only is 801(d)(2)(E) violated, but also the defendant's right to confrontation under the Sixth Amendment is implicated, making it unlikely that any prejudice can be cured by a "cautionary jury instruction." Vinson, 606 F.2d at 153. Accordingly, in order to protect against the danger of unfair prejudice of inadmissible hearsay at trial, and in order to ensure Defendant's rights to a fair trial, due process, and confrontation are upheld, a pre-trial hearing on the existence of the charged conspiracy and admissibility of any 801(d)(2)(E) statements is certainly preferable to waiting until the government's case-in-chief to deal with this issue.

**C. A Pretrial Hearing Is The Most Efficient Way To Deal With The Admissibility Of Statements Offered Under Fed. R. Evid. 801(d)(2)(E).**

The most effective and efficient means to determine the admissibility of alleged co-conspirator statements is through a pre-trial hearing. While it has been normal practice in this district to allow the introduction of alleged 801(d)(2)(E) statements during trial, and allow the

5

government to later "prove up" the conspiracy during trial, the efficacy of this practice is significantly altered by the Supreme Court's decision in Crawford. While 801(d)(2)(E) statements are non-testimonial, and are not subject to being barred by Crawford, what happens at trial if the government offers the statements and then proves a conspiracy different than the one charged? Or fails to prove a conspiracy at all? Or fails to prove that the statements were in furtherance of the conspiracy? At that time, Sixth Amendment confrontation rights are implicated. However, how is the "bell" of the preliminary admission of the statements "unrung" at that time? Certainly the more efficient practice, and the practice with the least potential for a confrontation problem to raise its head during the middle of trial, is a pretrial hearing to determine the admissibility of any statements the government wishes to offer pursuant to Fed. R. Evid. 801(d)(2)(E).

## CONCLUSION:

In the instant case, the defense anticipates the government will attempt to introduce statements under the ambit of Fed. R. Evid. 801(d)(2)(E), and therefore a pretrial hearing would certainly be the most efficient and effective mechanism by which to determine the admissibility of any statements while also protecting the rights to confrontation and a fair trial. Such a hearing will not delay the trial or in any way prejudice the government. Rather, ordering an Enright hearing can only better serve the effective and efficient ends of justice while diminishing the threat of unfair prejudice, a mistrial or a reversal.

For the foregoing reasons, Defendant respectfully moves this Honorable Court for an Order granting a pre-trial hearing to determine whether the government may satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial.

Respectfully submitted on April 8, 2008.

McKELLAR ROSKIND, LLP

By:   s/Andrew S. Roskind
Andrew S. Roskind, 022263
Attorneys for Craig Freeman

9724 Kingston Pike, Suite 208
Knoxville, Tennessee 37922
(865) 566-0125

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was electronically filed on April 8, 2008. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By:   s/Andrew S. Roskind
Andrew S. Roskind